May it please the Court, my name is Naina Gurikar and I represent Mr. Wilmour McPherson. I would like to reserve two minutes for rebuttal. This case involves someone who has been a lawful permanent resident for almost 40 years and whose conviction is 25 years old. It is also someone who the IJA has described as rehabilitated since his conviction, as noted on page 65 of the record. Today we ask the Court find Mr. McPherson is not removable under this Court's recent decision of Ledesma Galicia v. Holder. Should the Court find Mr. McPherson is removable, we ask that this Court remand to the BIA for consideration of 212C relief. My co-counsel, Evangeline Averill, is available should the Court have any questions in regards to another argument in our brief, which is whether Mr. McPherson's convictions meets the generic definition of attempt. This Court held in Ledesma Galicia v. Holder that a conviction made done prior to the enactment of ADAA, which was in November 18th, 1988, does not make an alien deportable. So if the government has indicated that they'd like us to hold the case in abeyance until the petition for rehearing en banc is resolved in that case, I assume you don't have any objection to that, do you? No, Your Honor, we don't. Now, let's assume for the sake of argument that it is reheard en banc and Ledesma is vacated. Then where do you stand? If Ledesma is vacated, Mr. McPherson is still eligible for 212C relief. And this is because he meets the statutory requirements of 212C relief because he was a lawful permanent resident for 5 years and he lived in the United States for 7 years. And furthermore, he has a comparable ground of inadmissibility and he has an objective, reasonable reliance on the continued availability of 212C relief. If we just erase the case and hold it, and we're just talking about the merits, just assume Ledesma doesn't exist, what you're saying is that he cannot be removed even though he beat two women and he has attempted murder convictions, that he cannot be removed? Yes, Your Honor. 212C relief was a former relief from removal. And in INS v. St. Cyr, a decision in 2001, the Supreme Court ruled that 212C, I'm sorry, that IHRA-IHRA, which repealed 212C relief in 1996, had an impermissibly retroactive effect when applied to persons convicted before IHRA-IHRA's effective date. True, but it only applies to those who pled guilty, correct? Correct, Your Honor. However, Mr. McPherson did not. No. Mr. McPherson was convicted by a trial. However, St. Cyr was silent to those that were convicted by jury trial. The Supreme Court in that case directed lower courts to make a common-sense functional judgment to look whether the applicant has objectively, reasonably relied on the continued availability of 212C relief. So what is it in the record here, not to interrupt, but that's the way oral argument is, what's in the record here that would indicate when a person goes to trial that they've objectively relied on it? And the fact, I mean, it's a whole different situation when you have a guilty plea and someone may say, well, I'm pleading guilty because I think I'm going to qualify for some immigration relief later to find out that that belief was ill-founded. But here he didn't make that kind of decision. He went to trial. Yes, Your Honor. Well, first, a guilty plea at the time of Mr. McPherson's conviction, which was in 1990 was the act that required Petitioners to have a 5-year sentence or less to be available, to have 212C relief available. So in 1985, Mr. McPherson's guilty plea would not have made a difference. Further, it would not have shown any sort of detrimental alliance as directed by St. Cyr. Mr. McPherson's form of detrimental alliance in the record is that he thought that he received the 212C relief while in prison. His counselor in prison told him to write a letter to the INS and describe why he should stay in this country. And he did so, as described on page 8. And then thereafter, the counselor told him that he received a letter from the INS, which was his 212C waiver. After his prison sentence, he was transferred to the INS authority and the INS released him, which further strengthened his belief that he had some sort of waiver, because why else would they release him? He also continued to live in the United States without – for 16 years based on that same belief. And he was readmitted back into the United States two times, in 2004 and 2007, after traveling abroad. These all go to his belief that he received the 212C waiver. Right. So this is a – that's not really a St. Cyr argument in the classic sense. It's more of an affirmative estoppel argument, right? Your Honor, St. Cyr did – St. Cyr directed the lower courts to make that common-sense functional judgment. Right. But, I mean, in cases like this where there's been a purported representation that – on which a Petitioner has relied, generally, we've required some showing of affirmative misconduct. What's the best evidence you have on the record of that? That he – I'm sorry. Affirmative misconduct on the part of the government. Your Honor, I believe the – on the part of the government, I'm – What I was saying is that, generally, our estoppel cases in immigration context and others, but particularly in immigration context, require some showing of affirmative misconduct on the part of the government, as well as detrimental reliance. Now, I see evidence of detrimental reliance. I don't see any evidence of affirmative misconduct by the government. Do you have something in the record on that? Your Honor, the government did – I will have to look into that. Okay. Now, before – I know you want to conclude your argument, but I think I would like to give your co-counsel a chance to argue as well. Do you have anything more you'd like to add before reserving? No, Your Honor. Okay. Thank you. And we'll make sure you get your three minutes. But I would like to hear about your theory. Okay. Good morning, Your Honors. My name is Evangeline Abriel, and I am co-counsel for Mr. McPherson's My name is Evangeline Abriel, and I'm co-counsel with Nino Guricar for Mr. McPherson. And the Court has indicated an interest in the – in our argument, in our briefs, that Mr. McPherson was not removable on the basis of aggravated – attempted murder, aggravated felony. Our argument was that the California attempt was not coterminous with the generic element of attempt, and therefore, he did not have a removable offense. All right. So what is – how do you distinguish – I'm going to mispronounce the name, but Saavedra v. Velazquez? Your Honor, in the Saavedra case, I don't so much distinguish it as to explain that one of the bases for the Saavedra case – Saavedra-Velazquez case has – it has – we can argue against one of the bases for the Saavedra-Velazquez case. In Saavedra-Velazquez, the – this Court found that California attempt is coterminous with the generic element of attempt. Right. However, it did so on two bases. The first one was that the Court had already decided United States v. Serbia, in which it found that Nevada attempt was coterminous with the generic definition of attempt and that the – Nevada also used the slight acts verbiage so that it wasn't clear that California and Nevada law were different in terms of the slight acts. Under California attempt, the California attempt requires a specific intent to commit an offense and a direct but ineffectual act towards commission of the offense. However, when the design of the – of the act is clear, then a slight act will be sufficient to satisfy the attempt requirement. In contrast, the generic definition of attempt requires a intent to commit the crime plus an overt – an overt act that constitutes a substantial step towards its commission. I understand that, but I – just to perhaps cut to the chase, you seem to be arguing that basically Saavedra was – or Saavedra was incorrectly decided. Yes, Your Honor. So that binds us. So what – What argument do we have? Well, no, I mean, if – it does control us, and I understand you disagree with it. So given the controlling nature of the precedent, what's the remaining argument in this case? Your Honor, the second basis under – that Saavedra was decided on was that the court couldn't find and Mr. Saavedra Velazquez could not point the court towards any decision in which the outcome in California would have been different than it would have been under the generic law. And since the time of Saavedra Velazquez, a California court has decided a case, People v. Gonzalez, in which it specifically referred to the slight acts defense and found that the – that attempt did occur there. In that case, the defendant – there had been a domestic violence – a history of domestic violence or domestic dispute, and the defendant got a gun and hid in the bushes of his ex-wife's backyard and never – never shot the gun or pointed the gun at anyone and didn't inflict any harm on anyone. And that was found under the slight acts rule to satisfy a California attempt. And we contrasted that in our reply brief with the Nevada case, State v. Reval, in which the defendant held up a casino and then, in getting away, ran towards police officers pointing a gun at them. There, the Nevada court said that that pointing of the gun was not sufficient for attempted murder. It was not sufficient to satisfy attempt unless there was at least a pulling of the trigger. Okay. So – Let me go. I think we've got Jeremy in. Okay. In terms of – your argument basically is that subsequent developments in both states have undermined the logic of the case. That's correct, Your Honor. Okay. Thank you. Thank you, Your Honor. And we will give you some time for that. All right. A letter from the government? Mr. Wiggers? Yes, Your Honor. May it please the Court, my name is Edward Wiggers, and I represent the Respondent in this matter. Petitioner's attempted murder conviction constitutes an aggravated felony. His decision to plead not guilty leaves him ineligible for 212C relief, and substantial evidence supports – Move into that language, please. Yes, Your Honor. I apologize. Good. And substantial evidence supports the Board's conclusion that he failed to meet his burden of proof for cat deferral. And subject to the outcome of the petition for en banc rehearing in the La Desma Galicia case, this Court should deny the petition for review. So if the petition for rehearing en banc is denied in La Desma, do you lose? If the case doesn't go any further, Your Honor, it would appear so. I would note regarding that, in addition to what was filed in the petition for en banc case, we cited in our brief regarding the retroactivity of the aggravated felony provisions. Right. I'm just – I'm sort of logistically – I'm asking a logistical question. If the petition for rehearing is not granted, what do you – what's the government's position on what ought to happen in this case? I'm not sure it's been formulated yet, Your Honor, because there are several levels of review that would have to go through before a decision was made. The ordinary process would be consideration of whether to pursue certiorari or not. No, no, no. I'm not talking about in that case. I'm talking about this case. Let's assume for the sake of our discussion that the petition for rehearing en banc is denied. Then that becomes binding precedent on this panel. What do you think the decision – what is that – what are the consequences in this case? Well, Your Honor, from a logistical standpoint, I would then file a motion to hold the case in abeyance pending a certiorari determination. But if this – You're not – you're not understanding how to glass-haul it. If the case is there, you lose. I mean, if – Your Honor, if that case stands, basically, we lose. Yeah. Okay. You lose on – do you lose everything? You don't lose on – I mean, I assume it's your position you don't lose on cat. You don't lose on withholding. Or do you? Well, Your Honor, with the – with the primary question of removability, if he's not removable, he doesn't need cat. Yeah. So basically – That's all I was trying to – I'm sorry. I mean, I understand that you have a lot of tactical decisions to make, but those are beyond our – Yes, Your Honor. And regarding the attempted murder conviction and specifically the scope of – or whether the attempt in California is coextensive with generic attempt and the cases Petitioner cited in his reply brief, the California case is an unreported decision from the California Court of Appeals and therefore not precedential. But in any event, it reaffirmed the same case that this Court – that this Court considered in the Saavedra-Velasquez case. So it doesn't change the law at all. It's still the same standard for attempts. Okay. So I get the government's position in a nutshell, as they say. You'd like us to hold this case. Yes, Your Honor. And if a rehearing is granted, we'll continue to hold it until you exhaust all your remedies one way or another on Ledesma. And if Ledesma is resolved in a matter contrary to government, we need to remand it. Is that it in a nutshell? Yes, Your Honor. I believe so. Let's assume for the sake of argument that a petition is held, is granted, and an in-bank court overturns the panel decision. Now, argue the – you don't want to come back and argue to us again. So if we had that scenario, I take it you would want us to go forward with the case as it is. Yes, Your Honor. Okay. Is there anything in particular you'd like to tell us, other than what's in your briefs, about that scenario? Assuming that Ledesma is erased, is there anything in addition to your brief you'd want to talk to tell us about why there should be an affirmance here? I don't believe so, Your Honor. I believe the briefs have fairly well embraced the issue. The comparable grounds point that Petitioner raised in oral argument was addressed in the briefs. The court's unbanked decision in Abebe basically disposed of that question in concluding that the ground of inadmissibility of a crime involving moral turpitude is not a comparable ground for any criminal offense. It's only comparable to the other provision for crimes involving moral turpitude. And as was discussed during Petitioner's oral argument, he has nothing showing detrimental or nothing showing that he is entitled to post-repeal 212C relief because he pled not guilty. And his belief that he may have already had it is insufficient, unless the Court has any further questions. I think not. Thank you. Thank you, Your Honor. Allie, would you put three minutes on the clock? Thank you. Your Honors, I would like to make two points on rebuttal. And my first point is, again, about the detrimental alliance that Mr. McPherson did have. He forewent applying for 212C relief in 1992 after his prison sentence when he could have applied for it, and based on his belief that he already received it. Therefore, he does have a detrimental alliance, and he would have been eligible for 212C relief in 1992 before it was repealed in 1996. Also, in regards to the comparable ground of inadmissibility, a BB — Mr. McPherson's case is distinguishable from a BB's case. In that case, the crime, the underlying crime, involved sexual abuse of a minor. And in Mr. McPherson's case, it involves attempted murder. Sexual abuse of a minor is some — a crime that may not always be a crime involving moral turpitude, whereas attempted murder, by definition, always involves an intent to kill with a malice, a forethought, and thus always has to be a crime involving moral turpitude, and thus his comparable ground of inadmissibility is a CIMT. Could I ask you a question? I don't want to interfere with your notes that you were taking, but I want to make sure I understand. If we get to the merits of this case, if Ledesma gets erased, the difficulty I'm having with it is I don't understand why the government can't use these aggravated felonies, attempted murders, to make him removable in light of our Sambreda case. Now, counsel in his red brief brought that up. That issue wasn't addressed until the gray brief, your reply brief, and you said that it should be done away with. They don't like the case. But there's no real distinction you've given us as to why they would not be removable because of attempted murder. Your Honor, the attempt – is your question in regards to the attempt definition in the Sambreda case, or? Yeah. Well, the case is the case. It's there. And it just seems to me I'd like to hear your argument of why we wouldn't be compelled to follow it. Attempted murder is good grounds for removability. Your Honor, I'd just like to distinguish it from the Abebe case, because in that case, there – this Court ruled that CIMT was not a comparable ground when the underlying felony was the sexual abuse of a minor. And an attempted murder, it's just by definition something that involves moral turpitude. And further, this Court has never heard a case such as this one where attempted murder was the underlying felony when the aggravated – underlying crime of an aggravated felony deportation ground. Therefore, this Court should take a different approach than – You mean you think there's some doubt about it being aggravated when somebody takes a hammer or a metal piece and breaks in the head of two women? No, Your Honor. It is an aggravated felony. It's – I was just – I think you're – I think you're actually talking about two different arguments  here. I mean, I think Judge Wallace is asking about the generic definition, and you're answering about the Abebe issue. Right. So I think you're talking – you're talking past each other a bit. Okay. I'm sorry. I'll have my co-counselor. Oh, well. Never mind. Okay. In conclusion, we ask that this Court reverse the finding of the VIA and find that he's not removable under Ledezma-Galicia v. Holder. And should this Court find that he is removable, we ask that we remand – sorry, you remand it to the VIA for consideration of 212c, Relief. Thank you. Thank you both for your arguments. The case letter will be submitted. And we appreciate the pro bono representation.
judges: Mills, Wallace, Thomas